UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20442-CR-MORENO/LOUIS**

**UNITED STATES OF AMERICA**

vs.

**BRUNELLA ZUPPONE,**

          **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the indictment, which charges the defendant, **BRUNELLA ZUPPONE**, with illegally exporting defense articles without a license, in violation of Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

2. This Office agrees to seek dismissal of counts 2-3 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw the plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to

recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may

make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 22 U.S.C. § 2778, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853; and any arm or munition of war, other article or commodity, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export same, pursuant to 22 U.S.C. § 401. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to: Fifteen (15) AR Bolt Carrier Groups, Twenty (20) AR Gas Tubes, Ten (10) AR Forward Assist Assemblies, Eleven (11) AR Trigger Kits, Ten (10) AR Upper Receivers, Twenty (20) AR Lower Receivers, Eleven (11) AR Pistol

Grips, Five (5) AR 5:56 NATO 1:7 Rifle Barrels, Fifteen (15) AR Bolt Carrier Groups, Twenty (20) AR Gas Tubes, Ten (10) AR Forward Assist Assemblies, Ten (10) AR Trigger Kits, Ten (10) AR Upper Receivers, Twenty (20) AR Lower Receivers, Ten (10) AR Pistol Grips, Five (5) AR 5:56 NATO 1:7 Rifle Barrels, Twenty (20) Trigger Kits with Pistol Grips, Three (3) Barrels, Twenty-Five (25) Muzzle Brakes, Twenty (20) Forward Assists, One (1) Charging Handle, Two (2) Carbine Recoil Plates, One (1) Front Grip (Wood), One (1) Rear Sight Aperture, Two (2) Butt Plates, Ten (10) Bolt Carriers, Nineteen (19) Ejection Port Covers, Fifteen (15) Gas Tubes, Eight (8) Accessories, Twenty-Nine (29) N/A Magazines, Twenty (20) Trigger Kits With Pistol GRIPS, Twenty-Five (25) Muzzle Brakes, Ten (10) Bolt Carriers, Three (3) Barrels, Forty-Three (43) N/A Magazines, Sixty (60) N/A Rifle Lowers, Sixty (60) N/A Rifle Uppers, Twenty-Five (25) Buttstocks, Forty-One (41) Barrels, Eighty-One (81) 7.62 Magazines, Eighteen (18) AR-15 Bolt Carrier Groups, Twenty (20) Castle Nuts, Twenty (20) AR15 Forward Assists, Thirty-Three (33) Washers, Twenty (20) Gas Tubes, Forty-One (41) AR15 Ejection Port Dust Covers, Twenty (20) Grips, Sixty (60) Charging Handles, Fifty (50) Gas Tube Rings, One (1) X-22 Back packers for Ruger, Sixty (60) Gas Tube Connectors, Twenty (20) Buffer Tubes, One (1) ZEV PRO Trigger, Three (3) Antique Knives, Three (3) AR15 Upper Hand Guards, Two (2) ZEV Sights, One (1) 9mm Slide, Ten (10) buffers, Five (5) 9mm magazines, One (1) 10mm magazines, Seven (7) .45 magazines, Two (2) .308 magazines, Six (6) N/A Antique Guns/No Serial Numbers/Non Serialized/No Markings, Eleven (11) AR15 Upper Receivers/ No Serial #'s, Eleven (11) Barrels, Eleven (11) Buttstocks, Eleven (11) Bolt Carrier Groups, Twenty (20) Upper Hand Guards, Eleven (11) Buffer Tube Springs, One (1) Red Dot Sight, One (1) Bullet Mold, One (1) Fiber Optic Sight, Two (2) Trigger Guards, Sixteen (16) Extractors, Eleven (11) Charging Handles, Eleven (11) Buffer Tubes, Two (2) Armorer Glasses, One (1) 15mm Bit, Four (4) N/A 10mm Ammo, Five (5)

N/A .380 Ammo., Three (3) N/A 9mm Ammo, Three (3) N/A .357 Ammo, Six (6) N/A 45 Caliber Ammo, Two (2) N/A 7.62 Magazines, and Fifteen (15) 9mm Magazines.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

16. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

17. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

18. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Count 1, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead

8

guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 8-27-19      By: _____
RICARDO A. DEL TORO
ASST. UNITED STATES ATTORNEY

Date: 8-27-19      By: _____
WILLIAM R. BARZEE
ATTORNEY FOR DEFENDANT

Date: 8-27-19      By: _____
BRUNELLA ZUPPONE
DEFENDANT